# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3481NE

_____

United States of America,        *
        *
        Appellee,        *
        *    Appeal from the United States
    v.        *    District Court for the District
        *    of Nebraska.
Agustin Parra-Gonzalez, also known as  *
Agustin Para-Gonzalez,        *    [UNPUBLISHED]
        *
        Appellant.        *

_____

Submitted: March 9, 1999
Filed: March 18, 1999

_____

Before FAGG, LAY, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

After his conviction for possession with the intent to distribute methamphetamine, see 21 U.S.C. § 841(a)(1) (1994), Agustin Parra-Gonzalez filed a motion for a new trial, claiming the Government failed to disclose material impeachment evidence in the form of an agreement with its key witness, David Tony Griego, and thus violated Brady v. Maryland, 373 U.S. 83 (1963). Parra-Gonzalez alleged Griego, an illegal alien who assisted law enforcement in multiple drug-related investigations, agreed to testify only after the Government promised not to request Griego's testimony in other upcoming trials and agreed not to prevent Griego's

deportation following Parra-Gonzalez's trial. After an evidentiary hearing, the district court denied Parra-Gonzalez's motion for a new trial, finding "there wasn't any agreement" between Griego and the Government. Parra-Gonzalez appeals, and we affirm.

Parra-Gonzalez contends the district court abused its discretion in denying his motion for a new trial. We disagree. To establish a Brady violation, Parra-Gonzalez must show the Government did not disclose material evidence in its possession that was favorable to Parra-Gonzalez. See Brady, 373 U.S. at 87 (exculpatory evidence must be disclosed); United States v. Bagley, 473 U.S. 667, 676 (1985) (Brady includes impeachment evidence); Giglio v. United States, 405 U.S. 150, 154-55 (1972) (Brady includes agreements to testify in exchange for benefits). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682.

Parra-Gonzalez's contention fails because the district court properly found there was no agreement between Griego and the Government that had to be disclosed within the framework of the Brady line of cases. See Reed v. United States, 106 F.3d 231, 235-36 (8th Cir. 1997); United States v. Robinson, 774 F.2d 261, 269-70 (8th Cir. 1985); Mills v. Singletary, 63 F.3d 999, 1018 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541, 1553-55 (11th Cir. 1994). The record shows that after Griego's illegal alien status was discovered, Griego was arrested and jailed pending deportation. On the eve of Parra-Gonzalez's trial, Griego became unwilling to testify because he wanted to be deported immediately, but feared he would be detained in custody until he had testified in all the criminal prosecutions in which he was involved. Once alerted to Griego's complaints, the prosecutor flatly refused to enter into any agreement in exchange for Griego's testimony. Instead, the prosecutor told Griego only that she would "see what she c[ould] do about talking to" the Immigration and

Naturalization Service (INS), which alone controlled the timing of Griego's deportation, and that she would try to ensure the United States Attorney's office would not request Griego's continued detention after Parra-Gonzalez's trial. Griego's attorney also testified that, believing he could successfully block any effort to keep Griego in the country to testify in other cases, he instructed Griego to testify at Parra-Gonzalez's trial as a show of good faith and because he believed this would better position Griego with the INS to negotiate immediate deportation. Although the advice of Griego's attorney and the prosecutor's comments may have motivated Griego to testify, the record supports the district court's finding that these statements fall short of an agreement required to be disclosed to Parra-Gonzalez. See Alderman, 22 F.3d at 1554-55.

Even assuming an agreement between the Government and Griego did exist, a new trial is not warranted under the facts of this case. Parra-Gonzalez's attorney thoroughly cross-examined Griego about his illegal alien status, his criminal history, his propensity for dishonesty, and his agreement to work as an informant in exchange for the dismissal of pending criminal charges. Testimony relating to the alleged agreement would merely have served as "'an additional basis on which to impeach a witness whose credibility ha[d] already been shown to be questionable.'" United States v. Wong, 78 F.3d 73, 81 (2d Cir. 1996) (quoted case omitted). In addition, Griego's testimony was corroborated by the law enforcement agent with whom Griego worked. Thus, it is not reasonably probable the evidence would have changed the outcome had it been disclosed. See Bagley, 473 U.S. at 682; United States v. Quintanilla, 25 F.3d 694, 698-99 (8th Cir. 1994). We also reject Parra-Gonzalez's contention that the district court abused its discretion in quashing the subpoena for Griego at the evidentiary hearing on the motion for new trial.

We affirm.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.